**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **CEDRIC W. JONES and ROBERT BENOIT Individually and On Behalf of All Others Similarly Situated,** | § § § § | |
| *Plaintiffs*, | § § | **C.A. NO. 1:08-cv- 00508** |
| **v.** | § § | |
| **ABCLEAN, INC. d/b/a ABCLEAN INDUSTRIAL SERVICES, INC., ABCLEAN AMERICA HOLDING CORP. and ROBERT V. WILLIAMS,** | § § § § § | **JURY TRIAL DEMANDED** |
| *Defendants*. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Cedric W. Jones and Robert Benoit bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees (collectively "Plaintiffs") to recover unpaid wages and unpaid overtime wages from Defendants AbClean, Inc. d/b/a AbClean Industrial Services, Inc., AbClean America Holding Corp., and Robert V. Williams (collectively "Defendants").

**I. NATURE OF SUIT**

1. The Fair Labor Standards Act ("FLSA"), is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA sets overtime pay, minimum wage and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a) and 211(c).

2. Defendants violated the FLSA by: (1) failing to pay their employees for all hours worked; and (2) failing to maintain accurate records of hours worked by its nonexempt employees.

3. Plaintiffs bring this collective action under section 216(b) of the FLSA on behalf of themselves and other similarly situated employees in order to recover unpaid wages and overtime compensation.

## II. JURISDICTION AND VENUE

4. Plaintiffs' claims arise under the FLSA. 29 U.S.C. § 201, *et seq.* Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this district because Defendants regularly conduct business in this district and a substantial part of the acts and conduct charged herein occurred in this district. Accordingly, venue is proper in this district pursuant to 28 U.S.C. § 1391(b, c).

## III. THE PARTIES

6. Plaintiff Cedric W. Jones is a resident of Jefferson County, Texas and has been employed by Defendants within the meaning of the FLSA during the three (3) year period proceeding the filing of this action. In performing his duties, Jones was engaged in commerce or in the production of goods for commerce. Jones was not compensated for all hours worked.

7. Plaintiff Robert Benoit is a resident of Jefferson County, Texas and has been employed by Defendants within the meaning of the FLSA during the three (3) year period proceeding the filing of this action. In performing his duties, Benoit was engaged in commerce or in the production of goods for commerce. Benoit was not compensated for all hours worked.

8. Defendant AbClean, Inc. d/b/a AbClean Industrial Services, Inc. is a validly existing corporation that conducts business throughout the State of Texas and which may be serviced with summons by serving its registered agent, Robert V. Williams, Jr., at 1440 Sens Road, LaPorte, Texas 77571, or wherever he may be found.

9. Defendant AbClean America Holding Corp. is a validly existing corporation that conducts business throughout the State of Texas and which may be serviced with summons by serving its registered agent, Robert V. Williams, Jr., at 2318 Center Street, Suite 200-A, Deer Park, Texas 77536, or wherever he may be found.

10. Defendant Robert V. Williams, President of AbClean, Inc., is an individual who may be served at 1440 Sens Road, LaPorte, Texas 77571, or wherever he may be found.

11. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants or employees.

### IV. PLAINTIFFS' INDIVIDUAL ALLEGATIONS

**A. Defendants Failed to Properly Compensate Plaintiffs at the Rate of Time and One Half for All Overtime Hours.**

12. Plaintiffs were full time employees who were required to arrive at Defendant's facility at a scheduled time everyday in order to review a list identifying employees scheduled to work that day.

13. If an individual Plaintiff's name was not listed, that person was dismissed and not provided any compensation for that particular day.

14. If the Plaintiff's name was listed, that person had to wait to be assigned to a crew.

15. Once assigned to a crew, Plaintiffs were driven from Defendant's facility to a particular job site.

16. After arriving at the job site, Plaintiffs were finally "clocked in" and began receiving compensation.

17. All hours worked by Plaintiffs prior to arriving at the job site were unpaid.

18. Plaintiffs were legally entitled to receive compensation for all hours worked, including the period during which Plaintiffs were required to report to work at Defendants' facility, determining whether they were scheduled to work that day, Defendants assigning Plaintiffs to their respective crew, and the "drive time" to the job site.

19. Defendants failed to correctly calculate all hours worked in a pay period.

20. As a result, Plaintiffs were regularly "shorted" on their paychecks and not paid for all hours actually worked.

21. Defendants knowingly, willfully, and with reckless disregard, carried out their illegal pattern and practice of failing to pay Plaintiffs proper overtime wages.

**B.    Defendants' Failed to Keep Accurate Records of Time Worked.**

22. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. § 211(c).

23. In addition to violating the payment of wages requirements of the FLSA, Defendants failed to keep proper records as required by the FLSA.

**C.    Defendants' Illegal Actions Were and Are Willful Violations of the FLSA.**

24. The illegal pattern or practice on the part of Defendants with respect to overtime compensation is in violation of the FLSA.

25. No exemption excuses Defendants from properly compensating Plaintiffs for all hours worked.

26. Defendants have not made a good faith effort to comply with the FLSA.

27. Rather, Defendants knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding failure to pay Plaintiffs for all hours worked.

28. On information and belief, numerous prior and current employees were subjected to the same wrongful practices and procedures.

## V.  COLLECTIVE ACTION ALLEGATIONS

29. On information and belief, other nonexempt employees have been victimized by Defendants' patterns, practices and policies which are in violation of the FLSA.

30. These employees are similarly situated to Plaintiffs because during the relevant time period they were compensated in a similar manner and denied pay for hours worked.

31. Defendants operate multiple locations through out the State of Texas and possibly beyond.

32. On information and belief, Defendants' illegal patterns, practices and policies have been imposed on other nonexempt employees employed by Defendants.

33. Defendants' patterns or practices of failing to pay for all hours worked and failing to keep accurate records of hours worked by nonexempt employees as required by the FLSA are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class.

34. Since, on information and belief, Plaintiff Jones and Benoit's experiences are typical of the experiences of the Members of the Class, collective action treatment is appropriate.

35. All employees, regardless of their rate of pay, who were not paid for all hours worked are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former hourly employees who: (1) worked at any business located in the United States that was owned, operated, and/or acquired by Defendants during the class period; (2) were compensated on an hourly basis and employed in the capacity of a Hydroblasting Technician II, Hydroblasting Technician I, and/or Operator; and (3) were not properly paid for all hours worked.

36. Plaintiffs have retained counsel well versed in FLSA collective action litigation and are prepared to litigate this matter vigorously on behalf of Plaintiffs and the Members of the Class.

## VI. CAUSE OF ACTION – FAILUE TO PAY WAGES

37. Plaintiffs re-allege and incorporate by reference all of the facts set forth in the above sections of this Complaint.

38. Defendants' practice of failing to pay proper compensation for all hours worked is in direct violation of the FLSA. *See* 29 U.S.C. § 207(a).

39. Defendants violated the FLSA as well as the Texas Labor Code by failing to pay Plaintiffs their full and proper compensation.

40. Plaintiffs are entitled to payment for all hours worked which were unpaid along with the appropriate overtime compensation which accrues as a result of calculating these unpaid hours.

## VII. CAUSE OF ACTION – TEXAS PAYDAY ACT VIOLATIONS

41. Plaintiffs re-allege and incorporate by reference all of the facts set forth in the above sections of this Complaint.

42. Defendants, as Plaintiffs' employer, are obligated under the Texas Payday Act to pay Plaintiffs for all hours worked. *See* TEX. LABOR CODE § 61, *et seq.*

43. Defendants' failure to pay Plaintiffs proper compensation for all hours worked places Defendants in violation of the Texas Payday Act.

### XIII. REQUEST FOR PRELIMINARY INJUNCTION – SPOLIATION OF EVIDENCE

44. Plaintiffs re-allege and incorporate by reference all of the facts set forth in the above sections of this Complaint.

45. Plaintiffs and all other Members of the Class will suffer irreparable harm if Defendants are not enjoined from this moment and during the pendency of this lawsuit from destroying any records which are in any way related to the above described matters, including any correspondence between Defendants, Plaintiffs and Members of the Class and any records required to be maintained by the FLSA.

46. There is substantial likelihood that Plaintiffs will prevail at trial on the merits.

47. The harm that will result is irreparable to Plaintiffs because Plaintiffs will not be able to replicate the destroyed evidence.

48. Plaintiffs have no adequate remedy at law if Defendants destroy any records.

### IX.  JURY REQUEST

49. Plaintiffs request a trial by jury.

### PRAYER

WHEREFORE, Plaintiffs and all similarly situated nonexempt/exempt employees who join this action respectfully request this Court:

    a. Authorize the issuance of notice at the earliest possible time to all Defendants' employees who were employed during the three (3) years

  immediately preceding the filing of this lawsuit, informing them of their rights to participate in this lawsuit if they should so desire;

b. Declare Defendants have violated the overtime provisions of the FLSA as to Plaintiffs and all those similarly situated;

c. Declare Defendants' violations of the FLSA to be willful;

d. Award Plaintiffs and all those similarly situated damages for the amount of unpaid hours worked and unpaid overtime compensation subject to proof at trial;

e. Award Plaintiffs and all those similarly situated an equal amount as liquidated damages, as allowed under the FLSA;

f. Enter an injunction restraining Defendants from destroying any records;

g. Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

h. Award expert witness fees incurred by Plaintiffs in the preparation and prosecution of this action;

i. Award pre-judgment and post-judgment interest as allowed by law;

j. Award costs of court, costs of prosecuting Plaintiffs' claim; and

k. Award such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa A. Moore
    Melissa Ann Moore
    State Bar No. 24013189
    Federal Id. No. 25122
    LYRIC CENTRE
    440 Louisiana Street, Suite 710
    Houston, Texas 77002
    Telephone: (713) 222-6775
    Facsimile: (713) 222-6739
    melissamoore@sbcglobal.net

**ATTORNEY FOR PLAINTIFFS**

### NOTICE OF ELECTRONIC FILING

    I do hereby certify that I have electronically submitted for filing a true and correct copy of the above and foregoing document in accordance with the Electronic Filing System of the U.S. District Court for the Eastern District of Texas, on this the 19th day of August, 2008.

    /s/ Melissa A. Moore
    Melissa Ann Moore

9